KOHLER COMPANY, Plaintiff,

v.

SHEET METAL WORKERS INTERNATIONAL ASSOCIATION, etc., et al., Defendants.

No. CIV-2-79-32.

United States District Court,
E. D. Tennessee,
Northeastern Division.

March 13, 1979.

James A. Ridley, III, and John B. Rayson, Knoxville, Tenn., for plaintiff.

Leonard G. Webb, Knoxville, Tenn., for defendants.

## MEMORANDUM OPINION

NEESE, District Judge.

■ This action was heard by the Court on March 1, 1979 on the application of the plaintiff Kohler Company (Kohler) for a temporary restraining order under the Norris-LaGuardia Act. 29 U.S.C. § 107. The defendant Sheet Metal Workers International Association, AFL–CIO, Local no. 336 (union), received notice of such hearing and was represented thereat by counsel. It was represented to the Court that all its codefendants are members of such union.

The union and Detroit Gasket and Manufacturing Company (Gasket) have been, and are, in a labor dispute as a result of which Gasket's manufacturing facility in Cocke County, Tennessee, within this district, has ceased operations. Gasket had been using in its facility tooling dies belonging to the plaintiff Kohler, to make gaskets for Kohler.

After the onset (and continuance) of the aforementioned dispute, Gasket and Kohler agreed that Kohler might recover possession of its dies, and the Chancery Court of Cocke County, Tennessee issued its injunction and an order for Kohler to recover its property from such facility. An effort by Kohler to retrieve its dies from Gasket's facility was thwarted.*

Kohler claims that the sheriff of Cocke County, Tennessee is charged with the duty to protect Kohler's property and enforce the mandates of such state court, and that such sheriff is unable to furnish adequate protection to Kohler in removing its property from Gasket's facility. 29 U.S.C. § 107(e).

The Court was not satisfied from the proof adduced that such sheriff is incapable of handling the problems of public order attendant to the plaintiff's recovery of its tooling dies from Gasket's facility. There was no evidence that such sheriff had failed to respond to Kohler's requests for assistance; that such sheriff was unable to provide safe carriage of Kohler's property from

---

* Union pickets and sympathizers congregated at the lone entrance to Gasket's facility, and the driver of a truck rented by Kohler and dispatched to such facility to retrieve Kohler's property fled the scene, was overtaken in a contiguous county, and beaten.

such facility; or that there was an inadequate mobilization of law enforcement for the task on the one occasion such removal was undertaken. *Cf. Cimarron Coal Corp. v. District 23, United Mine Wkrs.*, C.A. 6th (1969), 416 F.2d 844, 845, certiorari denied (1970), 397 U.S. 919, 90 S.Ct. 928, 25 L.Ed.2d 100.

A purpose of the Congress, in adopting the Act, "* * * undoubtedly was to leave in the hands of state and local authorities those problems of public order which they [are] capable of handling. * * *" *Ibid.*, 416 F.2d at 847. This Court will not act precipitately to enforce private property rights hindered by a labor-management dispute while there is hope that the state judicial and law enforcement institutions may enforce the decrees of the state courts. Accordingly, the hearing was recessed without date, subject to further orders.